IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS – SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES TSTINIC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) |
| Illinois Department of Corrections, John Baldwin, Bruce Olson, | ) ) ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) ) ) |

## COMPLAINT

Plaintiff James Tstinic, by and through his attorneys, Loevy & Loevy, complains of Defendants Illinois Department Of Corrections, John Baldwin, in his official capacity as director of the Illinois Department of Corrections, and Bruce Olson, in his official capacity as an assignment coordinator for the Illinois Department of Corrections, and states as follows:

### Introduction

1.  James Tstinic, Plaintiff, has served his time and is anxious to reenter society and start earning a living.

2.  Plaintiff is a disabled person, is being denied the opportunity to connect with society and to develop vocational skills that will help him reintegrate with his community upon release.

3.  Plaintiff meets the requirements of the Illinois Department of Corrections' ("IDOC") work-release program: (1) he is within two years of his release date, and (2) he is currently housed in a minimum-security facility.

4. But solely because of Plaintiff's disability, IDOC has repeatedly denied him the opportunity to participate in its work-release program, in violation of the law.

5. In fact, IDOC denied Plaintiff's original request for a work-release assignment, on or about April 23, 2017, because of "critical medical reasons."

6. Defendants have since attempted to retreat from this position, citing unsupported and pre-textual reasons to avoid taking responsibility for their discrimination. In so doing, they continue to subject Plaintiff to unequal treatment based on his disability.

7. Plaintiff is qualified and ready to reenter society. His disability is not what stops him from resuming a normal life; it is IDOC's ongoing discrimination against him.

**Jurisdiction and Venue**

8. This action is brought pursuant to 42 U.S.C. §§ 12131, 29 U.S.C. § 794, and 42 U.S.C. §§ 1983.

9. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

10. Venue is proper under 28 U.S.C. § 1391(b). The events giving rise to Plaintiff's claims occurred within this judicial district and, on information and belief, all Defendants reside in this judicial district.

## Parties

11. Plaintiff James Tstinic is a 55-year-old father of four. He suffers from a degenerative disk condition in his back, as well as arachnoiditis. He is currently incarcerated at Taylorville Correctional Center, in Taylorville, Illinois.

12. Defendant Illinois Department of Corrections ("IDOC") is a division of Illinois government responsible for the administration of the Illinois prison system.

13. Defendant John Baldwin is the director of the Illinois Department of Corrections. IDOC is a division of Illinois government responsible for the administration of the Illinois prison system.

14. Defendant Bruce Olson is the assignment coordinator in the Transfer Coordinator's Office of IDOC. In his official capacity, he is responsible for determining appropriate placement of inmates, including those inmates seeking transfer to the work-release program.

15. Defendants, in their official capacity as employees of state government, are subject to Title II of the ADA, 42 U.S.C. § 12131 and §504 of the Rehabilitation Act, 29 U.S.C. § 794.

16. Additionally, Defendant Olson, in his official and individual capacity, is subject to liability under 42 U.S.C. § 1983.

## Factual Summary

17. Plaintiff James Tstinic is a longtime Illinois resident. He is the father of four adult children. Prior to his incarceration, Plaintiff worked for over 30 years in manufacturing, before assisting his mother with his parents' small business.

18. He has been incarcerated since November 20, 2015. He is scheduled to be released no later than November 27, 2019.

19. He is currently assigned to Taylorville Correctional Center. Taylorville is classified as a minimum-security facility.

20. Plaintiff suffers from a degenerative disk condition in his back. He has also been diagnosed with arachnoiditis, a condition in which nerves in the back become "clumped." He has undergone multiple back procedures.

21. Plaintiff is assigned a lower bunk, and uses a cane or wheelchair to get around the facility.

### Application for Work-Release Program

22. IDOC operates a work-release program, ("work-release") or "the Program"), for inmates meeting certain qualifications, in which they can be transferred to one of four Work-Release Centers or "Adult Transition Centers ("ATCs").

23. To qualify, inmates must be within two years of their release date, and be classified as minimum security.

24. A qualifying inmate must apply through the counselor at his facility.

25. Placement at a Work-Release Center gives inmates the opportunity to work or attend school, participate in approved community activities, and begin their reintegration in society.

26. Plaintiff meets the conditions for participation in work-release.

27. Upon his satisfaction of the requirements, Plaintiff sought a transfer to the Crossroads ATC in Chicago on or about February 1st, 2018.

28. Plaintiff's counselor at Taylorville, Amber Roley, approved his request for work-release.

### IDOC's Denial of Plaintiff's Placement in the Program

29. Plaintiff first became eligible and applied for work-release in April of 2018.

30. He received the necessary approval from his counselor Amber Roley, Dr. Abdur Nawoor, the Wexford Health Doctor assigned to Taylorville, and Taylorville's medical director, Katy Hackney.

31. On or about April 23, 2018, Plaintiff received notification that his request for work-release was denied by the Transfer Coordinator's Office ("TCO").

32. Defendant Bruce Olson was the TCO assignment coordinator responsible for Plaintiff's application.

33. On information and belief, as the assignment coordinator, Defendant Olson has final decision-making authority to grant or deny an inmate's request for work-release.

34. In April 2018, Defendant Olson approved the decision of his office to deny Plaintiff work-release.

35. In its notification, Defendant cited "critical medical reasons" as the reason for denying Plaintiff's application.

36. The notification did not cite any other reason for the denial.

5

37. On May 4, 2018, Plaintiff filed a grievance seeking to appeal the decision, asserting a violation of the Americans with Disabilities Act ("ADA").

38. In his grievance, Plaintiff clearly stated he suffers from a disability and believed his denial on medical grounds constituted disability discrimination.

39. The grievance officer concluded the grievance was moot because the facility had approved Plaintiff's application for the Program and because Plaintiff agreed to take financial responsibility for his own medical care.

40. Plaintiff reapplied for work-release. Once again, his application was denied, this time for "critical mental health reasons."

41. The TCO asserted the denial was based on the facility's recommendation.

42. The TCO's assertion was a pretext for denying Plaintiff work-release in order for Defendants to avoid Plaintiff's assertion of disability discrimination.

43. Plaintiff was not receiving treatment for his mental health in the approximate year before his application for work-release.

44. Further, Plaintiff spoke with his counselor and the doctor at Taylorville. They confirmed they did not recommend that his application for work-release be denied for mental health reasons.

45. Plaintiff filed a second grievance on May 31, 2018, again arguing his denial constituted disability discrimination.

46. As of the date of this filing, Plaintiff has yet to receive a response to his May 31, 2018 grievance.

47. In July 2018, Plaintiff applied for work release for the third time. The TCO denied his request, citing no reason whatsoever, on July 16, 2018.

48. Plaintiff filed his third grievance on July 20, 2018.

49. To date, he has received no response.

50. Plaintiff has exhausted all remedies at his disposal.

51. On information and belief, IDOC has a widespread practice of denying work-release to otherwise qualified inmates based on their disability.

### Count I—42 U.S.C. § 12131
### Violation of the Americans with Disabilities Act: Title II
### By all Defendants

52. Each paragraph of this complaint is incorporated as if fully stated herein.

53. Plaintiff suffers from a physical condition which necessitates the use of a cane to walk. Given these limitations, Plaintiff is a qualified person with a disability for purposes of Title II of the ADA.

54. The Illinois Department of Corrections is a division of state government, which operates programs and services, including, but not limited to, the work-release program.

55. Defendant John Baldwin, in his official capacity, is responsible for administering IDOC and setting its policies.

56. Defendant Bruce Olson in his official capacity discriminated against Plaintiff based in whole or in part on his disability.

57. Defendants have denied Plaintiff access to the work-release program based in whole or in part on his disability.

58. Because of this discrimination, Plaintiff is denied the numerous benefits of participation in the work-release program, which include, but are not limited to, reintegration with the community, the opportunity to obtain work or education, (in the case of the Crossroads facility), the proximity to family and friends, and the countless benefits available to anyone outside of a minimum security correctional facility.

59. Plaintiff suffers irreparable damage each day he is incarcerated because of Defendants' disability discrimination.

**Count II—29 U.S.C. § 794**
**Violation of the Rehabilitation Act**
**By all Defendants**

60. Each paragraph of this complaint is incorporated as if fully stated herein.

61. At all times relevant to this action, Defendant IDOC was a recipient of federal funding within the meaning of the Rehabilitation Act.

62. Defendant John Baldwin, in his official capacity, is responsible for administering IDOC and setting its policies.

63. Defendant Bruce Olson in his official capacity discriminated against Plaintiff based in whole or in part on his disability.

64. Plaintiff suffers from a physical condition which necessitates the use of a cane to walk, and subjects him to significant and ongoing pain. Given these

limitations, Plaintiff is a qualified person with a disability for purposes of the Rehabilitation Act.

65. The Illinois Department of Corrections operates programs and services, including, but not limited to, the work-release program.

66. Defendants have denied Plaintiff access to the work release program based in whole or in part on his disability.

67. Because of this discrimination, Plaintiff is denied the numerous benefits of participation in the work release program, which include, but are not limited to, reintegration with the community, the opportunity to obtain work or education, the proximity of the Crossroads facility to family and friends, and the countless benefits available to anyone outside of a minimum-security correctional facility.

68. Plaintiff suffers irreparable damage each day he is incarcerated because of Defendants' disability discrimination.

## Count III—42 U.S.C. § 1983
### Violation of Equal Protection under the 14th amendment by Defendant Bruce Olson, in his individual capacity

69. Each paragraph of this complaint is incorporated as if fully stated herein.

70. Defendant, by denying Plaintiff's application for work release on the basis of his disability, is discriminating against him by denying him equal access to liberty, work, education, and reintegration with society, on the basis of his disability.

71. In so doing, Defendant denies Plaintiff equal protection under the 14th amendment.

72. There is no rational basis for Defendant to have discriminated against Plaintiff in the manner set forth above. The policies and practices complained of herein are policies of Defendant Illinois Department of Corrections. The individual Defendant named herein condoned or ratified said conduct.

### Count IV—Retaliation
### Retaliation against Plaintiff for engaging in protected activity by all defendants.

73. Each paragraph of this complaint is incorporated as if fully stated herein.

74. Plaintiff, by grieving his wrongful denial of work-release, informed Defendants that his rights guaranteed by the Americans with Disability Act and Rehabilitation Act were being violated.

75. In doing so, Plaintiff engaged in "protected activity."

76. Upon learning of Plaintiff's allegations, Defendants attempted to change their grounds for denying Plaintiff work-release to a non-discriminatory reason.

77. By their misconduct, Defendants retaliated against Plaintiff for alleging disability discrimination by denying him work-release without any valid basis.

**Prayer for Relief**

WHEREFORE, Plaintiff James Tstinic, respectfully requests that this Court enter a judgment in his favor and against Defendants Illinois Department of Corrections, John Baldwin in his official capacity, and Bruce Olson in his official and individual capacities, grant relief as follows:

An order requiring Defendants, their agents, officials, employees, and all persons acting in concert with them under color of state law or otherwise to cease discriminating against and failing to provide accommodations to prisoners with disabilities;

An order enjoining Defendants, their agents, officials, employees, and all persons acting in concert with them under color of state law or otherwise:

- from continuing the unlawful acts, conditions, and practices described in this Complaint;
- to provide reasonable accommodation for prisoners with disabilities in all its programs, services and activities including but not limited to the work-release program; and
- To ensure that prisoners with disabilities are not denied the benefits of, or participation in, programs, services, and activities at any Illinois Department of Corrections facility.

An order retaining jurisdiction of this case until Defendants have fully complied with the orders of this Court, and there is a reasonable assurance that Defendants will continue to comply in the future absent continuing jurisdiction

An order awarding compensatory damages, attorneys' fees and costs against each Defendant, punitive damages against the individual Defendant and any other relief this Court deems just and appropriate.

### Jury Demand

Plaintiff James Tstinic hereby demands trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: April 2, 2019

                                      Respectfully submitted,

                                      James Tstinic

        BY:        /s/ Cindy Tsai
                          One of Plaintiff's Attorneys

Arthur Loevy
Jon Loevy
Josh Loevy
Cindy Tsai
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, IL 60607
T: (312) 243-5900
F: (312) 243-5902
joshl@loevy.com
cindy@loevy.com